Filed 8/9/22 In re E.V. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re E.V., a Person Coming Under the Juvenile Court Law. | |
| STANISLAUS COUNTY COMMUNITY SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> D.B., <br><br> Defendant and Appellant. | F084230 <br><br> (Super. Ct. No. JVDP-21-000057) <br><br><br> **OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County. Annette Rees, Judge.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Boze, County Counsel, and Maria Elena Ratliff, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Smith, J. and Snauffer, J.

D.B. (mother) appeals the juvenile court's order terminating her parental rights over her son E.V. (born July 2019) pursuant to Welfare and Institutions Code section 366.26.[1]  Her sole contention on appeal is that the juvenile court and the Stanislaus County Community Services Agency (agency) failed to comply with the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related California law. The agency concedes error and the parties have stipulated to an immediate limited remand for the purpose of complying with the inquiry provisions of ICWA.  Accordingly, we conditionally affirm the juvenile court's order but remand for the limited purpose of ensuring compliance with ICWA and related California law.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 23, 2021, the agency filed a petition on behalf of E.V. pursuant to section 300, subdivision (b)(1), alleging he was at substantial risk of suffering serious physical harm or illness due to the parents' substance abuse problems.  Eliseo V. (father) was listed as E.V.'s presumed father.  The petition included an Indian Child Inquiry Attachment (ICWA-010(A)) form indicating the social worker asked mother and father about Indian ancestry and they gave him no reason to believe E.V. was or could be an Indian child.  The parents also completed Parental Notification of Indian Status (ICWA-020) forms indicating they did not have Indian ancestry.

The detention report stated ICWA may not apply as both parents reported they did not have Indian ancestry.

On March 24, 2021, at the detention hearing, the juvenile court stated it received the parents' ICWA-020 forms and found ICWA did not apply.  All subsequent reports

---

**1**　　All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

**2**　　Because the sole issue on appeal concerns ICWA, we restrict our facts to those bearing on that issue.

prepared by the agency noted that ICWA did not apply based on the juvenile court finding at the detention hearing.

On May 4, 2021, at the combined jurisdictional/dispositional hearing, the juvenile court found ICWA did not apply.

On October 27, 2021, at the six-month review hearing, the juvenile court found ICWA did not apply.

On December 21, 2021, at the contested six-month review hearing, the juvenile court found ICWA did not apply.

On April 12, 2022, at the section 366.26 hearing, the juvenile court found ICWA did not apply.

On April 12, 2022, the juvenile court terminated mother's parental rights.

Throughout the proceedings the agency had contact with various extended family members including the maternal grandmother, maternal great-grandmother, and E.V.'s care providers who were maternal relatives.

On April 15, 2022, mother filed a notice of appeal.

## STIPULATION

In the present case, the agency concedes ICWA error and the parties have stipulated to a limited remand. A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8), is permissible in a dependency case when the parties agree that reversible error occurred, and the stipulated reversal will expedite the final resolution of the case on the merits. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380–382.) In the stipulation, the parties agree the agency failed to comply with its statutory duty of inquiry regarding E.V.'s possible Indian ancestry under ICWA and that this court should order a limited remand, with instructions that the agency complete further inquiry under ICWA and provide notice, if necessary, to the relevant tribes. (See *In re Francisco W.* (2006) 139 Cal.App.4th 695, 704–710 [limited remand for compliance with

duty of notice under ICWA is proper remedy].)  Reversal is therefore appropriate given the agency's failure to comply with its duties under ICWA.

## DISPOSITION

The juvenile court's order terminating parental rights is conditionally affirmed. We remand for the agency and the juvenile court to comply with the inquiry and notice provisions of ICWA and California law.  If the court finds the child is an Indian child, it shall conduct a new section 366.26 hearing, as well as all further proceedings, in compliance with ICWA and related California law.  If not, the court's original section 366.26 order will remain in effect.